IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ERIK THOR TROVE #367000 | § | |
| v. | § | CIVIL ACTION NO. 6:08cv230 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Erik Thor Trove, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his lawsuit, Trove asks that the Court order the Texas prison officials to allow him to commit suicide by starving himself to death, and in fact to facilitate his doing so. After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed because no legal precedent exists for a court order directing prison officials to allow a prisoner to commit suicide, whether by starvation or any other means. Trove filed objections to the Report of the Magistrate Judge on October 10, 2008.

In his objections, Trove seeks to characterize the refusal to allow him to starve himself to death as a denial of his right to religious liberty. He says that he has been denied the right to have a last will and testament, although he does not make clear how, and complains that the Defendant has not been served with process in the lawsuit. Trove also refers to the Terry Schiavo case and complains that the Court is biased against him.

As the Magistrate Judge said, no legal precedent exists for a court order allowing a person to commit suicide, much less directing others to facilitate such suicide. Trove has not been denied the right to complete a last will and testament, and the Fifth Circuit has held that a determination of frivolousness may be made at any time, even before service of process. Cay v. Estelle, 789 F.2d 318, 324 (5th Cir. 1986). The Schiavo case involved an individual in a comatose and vegetative state, a fact pattern not present in this case, and federal jurisdiction existed only because Congress passed a law entitled "An Act for the relief of the parents of Theresa Marie Schiavo," Public Law No. 109-3 (March 21, 2005). *See* Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1231 (11th Cir. 2005). Trove's assertion that the Court is biased against him is wholly untrue. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the plaintiff's complaint and subsequent letters, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 27th day of October, 2008.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**